# EXHIBIT 2

To the Consent Motion for Entry of Protective Order

On Behalf of Petitioner,

**ABDU AL-QADER HUSSAIN AL-MUDAFARI**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In re* Guantanamo Detainee Cases | **Civil Action Nos.**<br>02-CV-0299 (CKK), 02-CV-0828 (CKK),<br>02-CV-1130 (CKK), 04-CV-1135 (ESH),<br>04-CV-1136 (JDB), 04-CV-1137 (RMC),<br>04-CV-1142 (RJL), 04-CV-1144 (RWR),<br>04-CV-1164 (RBW), 04-CV-1166 (RJL),<br>04-CV-1194 (HHK), 04-CV-1227 (RBW),<br>04-CV-1254 (HHK), 04-CV-1519 (JR) |

**ORDER ADDRESSING DESIGNATION PROCEDURES
FOR "PROTECTED INFORMATION"**

On November 8, 2004, counsel for respondents in these coordinated cases filed a motion requesting the Court to designate as "protected information" the unclassified information contained in the respondents' factual returns to the petitions for writs of habeas corpus that is not filed on the public record. Counsel for certain petitioners filed responses stating that they could not take a position on the respondents' motion until they or a designated representative had an opportunity to review the material that the respondents seek to have declared "protected."

In the interest of the efficient administration of these proceedings, it is hereby

ORDERED that should counsel for respondents in these consolidated cases wish to have the Court deem any information "protected" pursuant to the Court's November 8, 2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, counsel for respondents shall disclose the information to qualified counsel for petitioners and attempt to reach an agreement regarding the designation of the information prior to filing a motion with the Court. "Qualified counsel" for petitioners means those counsel who have satisfied the necessary prerequisites set forth in the Amended

Protective Order for the viewing of protected information.

It is FURTHER ORDERED that counsel for petitioners shall treat such disclosed information as "protected" unless and until the Court rules that the information should not be designated as "protected."

It is FURTHER ORDERED that counsel for petitioners shall make their best efforts to designate one attorney as a representative to review the information on their behalf and to negotiate with counsel for respondents prior to the filing of any motions to deem information "protected."

With respect to the November 8, 2004 Motion to Designate as "Protected Information" Unclassified Information in Factual Returns to Petitions for Writ of Habeas Corpus That is Not Filed on the Public Record, it is hereby

ORDERED that counsel for respondents shall deliver the information they seek to be deemed "protected" to the Court Security Officer at the designated secured facility on or before November 17, 2004.

It is FURTHER ORDERED that the Court Security Officer shall notify counsel for the petitioners of the location of the secured facility on or before November 12, 2004.

It is FURTHER ORDERED that petitioners' counsel shall review at the secured facility the information at issue and shall notify the Court of their position with respect to the designation of the information on or before November 19, 2004.

IT IS SO ORDERED.  
November 10, 2004

\_\_\_\_\_/s/_____  
JOYCE HENS GREEN  
United States District Judge

2

# EXHIBIT 3

To the Consent Motion for Entry of Protective Order

On Behalf of Petitioner,

**ABDU AL-QADER HUSSAIN AL-MUDAFARI**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In re* Guantanamo Detainee Cases | Civil Action Nos.<br>02-CV-0299 (CKK), 02-CV-0828 (CKK),<br>02-CV-1130 (CKK), 04-CV-1135 (ESH),<br>04-CV-1136 (JDB), 04-CV-1137 (RMC),<br>04-CV-1144 (RWR), 04-CV-1164 (RBW),<br>04-CV-1194 (HHK), 04-CV-1227 (RBW),<br>04-CV-1254 (HHK), 04-CV-1897 (RMC) |

ORDER SUPPLEMENTING AND AMENDING FILING PROCEDURES
CONTAINED IN NOVEMBER 8, 2004 AMENDED PROTECTIVE ORDER

In its November 8, 2004 Amended Protective Order, the Court set forth procedures for the filing of documents by counsel in these coordinated cases. Paragraph 46 governs the filing of documents by counsel for the petitioners and requires that all filings be first submitted under seal to the Court Security Officer ("CSO") to determine whether they contain classified or protected information. If the CSO, in consultation with the appropriate agency, concludes that a particular filing does not contain any classified or protected information, ¶ 46 requires the unsealing of the document by the CSO and the filing of the document in the public record. If the CSO, in consultation with the appropriate agency, concludes that a particular filing does contain classified or protected information, that information is to remain under seal and the unclassified and unprotected portions of the filing, if any, are to be placed in the public record. Paragraph 47 governs the filing of classified materials by counsel for the respondents and requires counsel to submit classified filings under seal to the Court through the CSO.

It has recently come to the Court's attention that some confusion and certain difficulties have arisen with respect to the filing of documents containing classified or protected information. Most of the difficulties have arisen as a result of the nature of the Court's CM/ECF electronic filing system. To clarify and, hopefully, to improve the filing system, it is hereby

ORDERED that the "Procedures For Filing Documents" contained on pages 13 through 14 of the November 8, 2004 Amended Protective Order are modified and supplemented as follows:

All documents filed by a petitioner shall be filed under seal with the Court through the Court Security Officer for determination by the appropriate agency as to whether the documents contain classified or protected information. At the time of making a submission to the CSO, the attorney shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a submission has been made to the CSO and specifying in general terms the nature of the filing without disclosing any potentially classified or protected information. It is the Court's understanding that the CM/ECF system requires counsel to attach a document to any entry made by them on the system. Accordingly, the document to be attached to the Notice of Filing in the CM/ECF system shall be a one page submission repeating in general terms the nature of the filing without disclosing any potentially classified or protected information and disclosing the date and time the document was delivered to the CSO for her review.

In the event that the CSO informs counsel for a petitioner that a proposed filing does not contain any classified or protected information, counsel shall then promptly file the full submission in the CM/ECF system and counsel shall make specific reference to the earlier docket

2

entry notifying the Court that the document had been submitted to the CSO for review. The docket entry description shall also state that the CSO has approved of the public filing of the document. The underlying document filed in the CM/ECF system shall contain a notation in the upper right hand corner of the first page stating "PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING."

In the event that the CSO informs counsel for a petitioner that a proposed filing does in fact contain some or all classified or protected information, counsel shall then promptly file in the CM/ECF system a version of the document suitable for public viewing. Unless an entire document is deemed classified or protected, a "version of the document suitable for public viewing" shall mean a document in which the portions of the document containing classified or protected information are redacted. Such document shall contain a notification in the upper right hand corner of the first page stating "REDACTED VERSION FOR PUBLIC FILING CLEARED BY CSO." In the event an entire document is deemed classified or protected, a "version of the document suitable for public viewing" shall mean a one page "half sheet" containing the caption of the case, a version of the title of the document that does not disclose classified or protected information, and a brief statement that the CSO has informed counsel that the entire document is classified or protected. The docket entry description in the CM/ECF system for the document suitable for public viewing shall make specific reference to the earlier docket entry notifying the Court that the document had been submitted to the CSO for review.

Any pleading or other document filed by counsel for the respondents containing classified or protected information shall be filed under seal with the Court through the CSO. In addition,

3

counsel for respondents shall file in the CM/ECF system a version of the document suitable for public viewing as that phrase is defined in the preceding paragraph.

IT IS SO ORDERED.

December 13, 2004

/s/
JOYCE HENS GREEN
United States District Judge

4

# EXHIBIT 4

To the Consent Motion for Entry of Protective Order

On Behalf of Petitioner,

**ABDU AL-QADER HUSSAIN AL-MUDAFARI**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDU AL-QADER HUSSAIN )
AL-MUDAFARI, )
 )
 )
SALIEH HUSSAIN ALI )
AL-MUDAFARI, )
    as Next Friend of Abdu )
    Al-Qader Hussain Al-Mudafari, )
 )
*Petitioners*, )
 )
    v. ) Civil Action No. 05-cv-2185 (JR)
 )
GEORGE W. BUSH, et al., )
 )
*Respondents*. )

## [PROPOSED] ORDER

Upon consideration of the Consent Motion for Entry of the Protective Order, it is:

ORDERED that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, all in the *In re Guantanamo Bay Detainee Cases* shall be entered in this case.

DATED:_____

_____
JAMES ROBERTSON
United States District Judge