UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------- x
ABDU AL-QADER HUSSAIN AL-MUDAFARI,  :
    Detainee, Guantánamo Bay Naval Station
    Guantánamo Bay, Cuba,  :

SALIEH HUSSAIN ALI AL-MUDAFARI,  :
    as Next Friend of Abdu Al-Qader Hussain
    Al-Mudafari,  : Civil Action No. 05-CV-02185 (JR)

                      *Petitioners*,  :

v.  :

GEORGE W. BUSH, *et al.*,  :

                      *Respondents.*  :
------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF
PETITIONERS' MOTION FOR THE IMMEDIATE
ISSUANCE OF A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2243
OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE**

Petitioner Abdu Al-Qader Hussain Al-Mudafari ("Petitioner Mudafari") by and through his next friend Salieh Hussain Ali Al-Mudafari ("Next Friend Mudafari") (collectively "Petitioners") submit this memorandum of law in support of their motion requesting this Court, pursuant to 28 U.S.C. § 2243, to issue forthwith (1) a writ of *habeas corpus*, compelling Respondents to either (a) release Petitioner Al-Mudafari or (b) to establish in this Court a lawful basis for Petitioner Al-Mudafari's detention; or alternatively, (2) an order directing Respondents to show cause why a writ of *habeas corpus* should not be granted. The writ, or order to show cause, pursuant to 28 U.S.C. § 2243, shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. On November 8, 2005, counsel for Petitioners conferred with counsel for Respondents and requested that Respondents

consent to the relief requested herein. On November 10, 2005, Respondents refused to consent to the relief.

In support of this motion, Petitioners state the following:

1. Petitioner Al-Mudafari is a prisoner under the authority of the United States at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo").

2. Upon information and belief, he has been imprisoned by the United States for over three years. Upon information and belief, during that entire time, he has been held virtually *incommunicado*.

### THE SUPREME COURT HAS HELD THAT DETAINEES ARE ENTITLED TO INVOKE 28 U.S.C. § 2241 TO CHALLENGE THEIR DETENTION

3. The Supreme Court has specifically held that detainees at Guantánamo are entitled to challenge their detention and the conditions of their detention, pursuant to 28 U.S.C. § 2241. Thus, Petitioners have a right to make use of § 2241. *See Rasul v. Bush*, 542 U.S. 466, 563 (2004). Further, the Supreme Court has held that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld*, 542 U.S. 507, 596 (2004). Petitioners therefore respectfully submit that, pursuant to 28 U.S.C. § 2243, this Court must forthwith either issue a writ of *habeas corpus* or order Respondents to show cause why a writ of *habeas corpus* should not be granted.

### PETITIONERS ARE ENTITLED TO RELIEF WITHIN THE TIME FRAME ESTABLISHED BY 28 U.S.C. § 2243

4. The writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

2

5. The Petition was filed on November 7, 2005. By the time an order to show cause issues, Respondents will have had more than the maximum twenty-day notice period contemplated under 28 U.S.C. § 2243.

## RESPONDENTS HAVE NO REASON FOR DELAY BECAUSE THEY HAVE ALREADY REVIEWED PETITIONER AL-MUDAFARI'S STATUS AND ESTABLISHED AN ALLEGED BASIS FOR HIS DETENTION

6. Upon information and belief, the United States Government (the "Government") has imprisoned and interrogated Petitioner Al-Mudafari for over three years. The Government has interrogated Petitioner Al-Mudafari on numerous occasions and is well aware of the factual bases that allegedly support his continued imprisonment. According to Former Deputy Secretary of Defense Paul Wolfowitz, each prisoner at Guantánamo Bay "has been determined to be an enemy combatant through multiple levels of review by officers of the Department of Defense." Department of Defense Order Establishing Combatant Status Review Tribunal, subsection (a) (July 7, 2004) )(Exhibit 1 hereto) (also available at http://www.defenselink.mil/news/Jul2004/d20040707review.pdf). Furthermore, the Government is conducting hearings to review further the status of each person incarcerated at Guantánamo. *Id.*

7. Because the Government claims to have already determined the "enemy combatant" status of each prisoner and conducted multiple levels of review that presumably included evidence sufficient to justify the Government's determinations, there would be no basis for the Government to now claim that it needs more time to comply with the Supreme Court's directive to allow Petitioner Al-Mudafari to test the basis for his detention. Accordingly, there is no reason to delay issuance of the writ of habeas corpus or an order to show cause or the Government's response to it. If the Court orders that Respondents are required to establish the

3

lawful basis for Petitioner Al-Mudafari's detention, we respectfully request that the Government be required to produce the factual return for Petitioner Al-Mudafari including the records related to his proceedings before the Combatant Status Review Tribunal and the Administrative Review board, and any other relevant material.

### THE CONDITIONS OF PETITIONER AL-MUDAFARI'S DETENTION CALL FOR THIS MATTER TO BE HANDLED EXPEDITIOUSLY

8.  Petitioner Al-Mudafari submits that he has been imprisoned without basis, without charge, without access to counsel, without being afforded fair process, and has likely been subject to cruel and degrading treatment. Upon information and belief, that imprisonment has now lasted longer than three years, but Petitioner Al-Mudafari has been charged with no crime.

9.  According to information obtained from former prisoners at Guantánamo Bay who have been released and Government documents that have been made public, it is likely that Petitioner Al-Mudafari has been subjected to cruel and degrading treatment at the express direction of United States officials for the purpose of obtaining information and confessions, a practice that directly contravenes domestic, military and international law. Redacted emails produced by the U.S. Government, for instance, document the use of torture techniques and treatment that was not only aggressive, but personally very upsetting, during interrogations of detainees at Guantánamo. Additionally, FBI documents have described prisoners shackled in a fetal position on the floor for up to 24 hours and left in their own urine and feces. *See, e.g.* Redacted email (Aug. 2, 2004) (Exhibit 2 hereto); Redacted email (July 12, 2004) (Exhibit 3 hereto).[1] *See Military Extends Guantánamo Abuse Probe* (Reuters), February 2, 2005 (Exhibit 4

---

[1] The U.S. Government produced these emails and numerous other documents in response to a Freedom of Information Act effort mounted by the Civil Liberties Union and other organizations. Those materials are available online at http://www.aclu.org/torturefoia/released/010505.html.

4

hereto) ("Several former prisoners have said they were beaten, threatened with dogs and subjected to freezing temperatures, and the International Committee of the Red Cross has said their treatment was 'tantamount to torture.'"); *Videos Show Guantánamo Prisoner Abuse* (AP), February 1, 2005 (Exhibit 5 hereto) ("Videotapes of riot squads subduing troublesome terror suspects at the U.S. prison camp at Guantánamo Bay show the guards punching some detainees, tying one to a gurney for questioning and forcing a dozen to strip from the waist down, according to a secret report"); *Detainees Accuse Female Interrogators; Pentagon Inquiry Is Said To Confirm Muslims' Accounts of Sexual Tactics at Guantanamo* (Washington Post), Feb. 10, 2005, at A1 (Exhibit 6 hereto) (noting how female interrogators, among other things, pretended to smear menstrual blood on Muslim men before they intended to pray).

10. On information and belief, the health and mental condition of Petitioner Al-Mudafari will be placed at risk if his incarceration is allowed to continue without review and remedial measures ordered by this Court. Press reports reveal that the conditions at Guantánamo Bay, coupled with the prospect of indefinite detention, have resulted in numerous suicide attempts by the detainees. *See Guantánamo Desperation Seen In Suicide Attempts,* Washington Post (November 1, 2005) (Exhibit 7 hereto); *Guantánamo Suicide Attempts Rise to 31* (AP), August 20, 2003. (Exhibit 8 hereto). Press reports also indicate that a hunger strike is underway at Guantánamo Bay and that as a result of the deteriorating condition of numerous individuals, the Government has subjected some detainees to forced feeding. *See, id., Guantánamo Desperation* (Exhibit 7 hereto); Charlie Savage, *89 Prisoners Resume Hunger Strike at Guantánamo*, Boston Globe (Aug. 26, 2005) (Exhibit 9 hereto); Mike Mount, *Hunger Strike at Guantánamo Grows*, CNN.com (Sept. 13, 2005) (Exhibit 10 hereto).

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioners respectfully request that this Court issue either a writ of habeas corpus or an order to show cause to Respondents, either of which should then be ordered returnable within three days of this Court's issuance.

Dated: November 10, 2005.

    Respectfully submitted,

    /s/ John B. Missing
    John B. Missing (Bar No. 425469)
    Jennifer C. Argabright (Bar. No. 480763)
    DEBEVOISE & PLIMPTON LLP
    555 13th Street, N.W.
    Washington, D.C. 20004-1169
    Tel: (202) 383 8000
    Fax: (202) 383 8118

    Jeffrey I. Lang
    Jennifer R. Cowan
    Ellen A. Hochberg
    Tatia L. Miller
    DEBEVOISE & PLIMPTON LLP
    919 Third Avenue
    New York, NY 10022
    Tel: (212) 909-6000
    Fax: (212) 909-6836

    *Of Counsel*
    Barbara Olshansky
    CENTER FOR CONSTITUTIONAL RIGHTS
    666 Broadway, 7th Floor
    New York, New York 10012
    Tel: (212) 614-6439
    Fax: (212) 614-6499

    Counsel for Petitioners