IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDELQADIR AL MUDHAFFARI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2185 (JR) |
| | ) | |
| GEORGE W. BUSH, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1.    I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2,    I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Abdelqadir al Mudhaffari that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 22 December 2005

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: **1081**

FOR OFFICIAL USE ONLY

2 0 MAR 2005

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 040**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
     (b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN # 040 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John B. Wiegmann)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

3 Feb 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor    JRC

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
      FOR DETAINEE ISN # 040

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal # 18 of 1 November 2004
      (2) Record of Tribunal Proceedings
      (3) FBI Requests for Redaction of National Security Information

1. Legal sufficiency review has been completed on the subject Combatant Status Review
Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I
find that:

   a. The detainee was properly notified of the Tribunal process and affirmatively declined
   to participate in the Tribunal.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b).
   Note that some information in exhibits R-11, R-12, R-14, R-16, R-21 and R-23 was
   redacted. The FBI properly certified that the redacted information would not support a
   determination that the detainee is not an enemy combatant. These certifications are
   contained in two exhibits labeled R-2 and in enclosure (3).

   d. The detainee did not request that any witnesses or evidence be produced.

   e. The Tribunal's decision that detainee # 040 is properly classified as an enemy
   combatant was unanimous.

   f. The detainee affirmatively chose not to participate in the CSRT process and did not
   request that his Personal Representative present any evidence or make a statement. A
   letter from the Personal Representative initially assigned to represent the detainee at
   Guantanamo Bay, Cuba reflects the detainee's elections and is attached to the Tribunal
   Decision Report as exhibit D-b. The Tribunal was held *in absentia* outside Guantanamo
   Bay with a new Personal Representative who was familiar with the detainee's file. This
   Personal Representative had the same access to information, evidence, and witnesses as

Subj:   LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
        FOR DETAINEE ISN # 040

    the Personal Representative from Guantanamo Bay.  The detainee's Personal
Representative was given the opportunity to review the record of proceedings and
declined to submit post-tribunal comments to the Tribunal.

2.  The proceedings and decision of the Tribunal as reflected in enclosure (2) are legally
sufficient and no corrective action is required.

3.  I recommend that the decision of the Tribunal be approved and the case be considered final.

                                    BREE A. ERMENTROUT
                                    CDR, JAGC, USNR



# Department of Defense
## Director, Combatant Status Review Tribunals

1 Nov 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #18

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

<div style="margin-left:2em">

**MEMBERS:**

███████████████ Colonel, U.S. Air Force; President

███████████ , Lieutenant Colonel, U.S. Air Force; Member

███████████ , Lieutenant Commander, U.S. Navy; Member
(JAG)

</div>

J. M. McGARRAH
Rear Admiral, Civil Engineer Corps
United States Navy

SECRET//NOFORN//X1

## (U) <u>Combatant Status Review Tribunal Decision Report Cover Sheet</u>

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL: ___#18___

(U) ISN#: ___040___

Ref:    (a) (U) Convening Order for Tribunal #18 of 1 November 2004 (U)
        (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
        (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:   (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
        (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
        (3) (U) Copies of Documentary Evidence Presented (S/NF)
        (4) (U) Personal Representative's Record Review (U/FOUO)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 9 November 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #040 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with al Qaida and the Taliban, and participated in military operations against the United States and its coalition partners as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

_____, Col, USAF
Tribunal President

**DERV FM: Multiple Sources**   SECRET//NOFORN//X1
**DECLASS: X1**

UNCLASSIFIED//<del>FOUO</del>

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

### (Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#18_____
ISN #: _____040_____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was associated with al Qaida and Taliban forces and participated in military operations against the U.S. or coalition forces. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The Tribunal conducted the proceeding on 9 November 2004. The Recorder presented Exhibits R-1 and R-2 during the unclassified portion of the Tribunal. The Unclassified Summary of Evidence, Exhibit R-1, indicates, among other things, that the detainee: that the detainee departed Yemen for Karachi, Pakistan in February 2001; that the detainee was a security guard for Usama Bin Laden; that the detainee taught topography and weapons courses at an advanced military training camp; that he was seen at Mullah Omar's compound; was identified in Tora Bora and left the region with 30 other suspected al Qaida members; and that the detainee was captured crossing into Pakistan from Afghanistan on 15 December 2001 with the same 30 suspected al Qaida members. The Recorder called no witnesses.

The detainee did not attend the Tribunal hearing and affirmatively declined to participate. He also did not provide the Personal Representative with any statements or evidence to present on his behalf. The detainee's decision is reflected on the Detainee Election Form (Exhibit D-a) and Guantanamo Personal Representative affidavit (Exhibit D-b). The Personal Representative presented no evidence and called no witnesses.

During the classified portion of the Tribunal hearing, the Recorder presented Exhibits R-3 through R-24. These exhibits had been reviewed by the Personal Representative prior to being presented to the Tribunal. The Personal Representative presented no classified exhibits.

UNCLASSIFIED//~~FOUO~~

### 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

> a. Exhibits: R-1 through R-24, D-a and D-b.

> b. Testimony of the following persons: None.

> c. Statement of the detainee: None.

### 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The detainee requested no witnesses.

The detainee requested no additional evidence be produced.

### 5. Discussion of Unclassified Evidence

The Recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2, the FBI redaction certification, provides no usable evidence. Because there was no other unclassified evidence for the Tribunal to consider, the Tribunal had to look to the classified exhibits to support the assertions on the Unclassified Summary of Evidence and the Tribunal's conclusions.

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT Legal Advisor.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

> a. The detainee chose not to participate in the Tribunal proceeding. No evidence was produced that caused the Tribunal to question whether the detainee was mentally and physically capable of participating in the proceeding, had he wanted to do so. Accordingly, no medical or mental health evaluation was requested or deemed necessary.

> b. The Personal Representative informed the Tribunal that the detainee understood the Tribunal process but chose not to participate, as indicated in Exhibit D-a and Exhibit D-b.

UNCLASSIFIED//~~FOUO~~

UNCLASSIFIED//~~FOUO~~

  c.  The detainee is properly classified as an enemy combatant because he part of al Qaida and the Taliban forces and participated in military operations against the United States or coalition forces.

**8.  Dissenting Tribunal Member's report**

None.  The Tribunal reached a unanimous decision.

Respectfully submitted,



Colonel, U.S. Air Force
Tribunal President

UNCLASSIFIED//~~FOUO~~

UNCLASSIFIED//~~FOUO~~

## DETAINEE ELECTION FORM

**Date:** _3 Nov 2004_

**Start Time:** _1530 hrs_

**End Time:** _1600 hrs_

**ISN#:** _40_

**Personal Representative:** MAJOR ███████
**(Name/Rank)**

**Translator Required?** _YES_          **Language?** _Arabic_

**CSRT Procedure Read to Detainee or Written Copy Read by Detainee?** _YES_

-----------------------------------------------------------------------------

## Detainee Election:

☐     **Wants to Participate in Tribunal**

☒     **Affirmatively Declines to Participate in Tribunal**

☐     **Uncooperative or Unresponsive**

## Personal Representative Comments:

Does not want to participate.

No oral or written statement.

Witnesses Requested : 0

Follow-up Required: No

Does not admit to anything. Says it must be the wrong guy described on the summary of

evidence. Was curious about the administrative review board.

Personal Representative: ██████████████████

UNCLASSIFIED//~~FOUO~~                              Exhibit **D-a**

An initial interview was held with detainee ___Al Mudhaffari, Abdel Qadir Husayn___
(ISN 040) on ___3 Nov 2004___.

___X___ The detainee spoke the language of the linguist and understood the linguist.

___X___ The detainee was reminded that the U.S. government established a Combat Status
Review Tribunal to review his designation as an enemy combatant.

___X___ The detainee was advised that I am not an attorney nor his advocate, but will
assist him in the CSRT process if he chooses to participate.

___X___ The detainee was advised that a tribunal of military officers will review his enemy
combatant designation even if he chooses not to participate.

___X___ The detainee was advised that he will have an opportunity to speak on his own
behalf and call witnesses and ask questions of the witnesses and tribunal members.

___X___ The detainee was advised that he may choose not to appear at the Tribunal
hearing or participate in the CSRT process, but that I could present information on his
behalf.

___X___ The detainee confirmed that he understood the process as explained to him and
did not have any questions.

___X___ The detainee affirmatively chose not to participate in the CSRT process and does
not want me to present information on his behalf.

I affirm that the information above is complete and accurate to the best of my knowledge.

_____          3 Nov 2004
                      Major, USAF               Date

Exhibit D-b

**UNCLASSIFIED**

**Combatant Status Review Board**

TO: Personal Representative

FROM: OIC, CSRT (20 October 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – AL MUDHAFFARI, Abdel Qadir Husayn

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is associated with al Qaida and the Taliban and also participated in military operations against United States and its coalition partners.

    a. The detainee is associated with an al Qaida and the Taliban:

        1. The detainee departed Sana, Yemen for Karachi, Pakistan in February 2001.

        2. The detainee desired jihad and chose to travel to Afghanistan.

        3. The detainee considers al Qaida his family.

        4. The detainee was a security guard for Usama Bin Laden.

        5. The detainee was a trainer at ██████.

        6. The detainee taught topography and weapons courses at an advanced-military training camp.

        7. The detainee was seen at Mullah Omar's compound.

    b. The detainee participated in military operations against the United States and its coalition partners.

        1. The detainee was identified in Tora Bora and left the region with 30 other suspected al Qaida members.

        2. The detainee was captured while trying to cross into Pakistan from Afghanistan on 15 December 2001, with 30 other suspected al Qaida members.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

**UNCLASSIFIED**

R-1

## Memorandum



To    :    Department of Defense          Date  10/21/2004
           Office of Administrative Review
           for Detained Enemy Combatants
           Capt. Juno Jamison, OIC, CSRT

From  :    FBI GTMO
           Counterterrorism Division
           Asst. Gen. ████████████████

Subject    REQUEST FOR REDACTION OF
           NATIONAL SECURITY INFORMATION
           ████████████

         Pursuant to the Secretary of the Navy Order of 29
July 2004, Implementation of Combatant Review Tribunal
Procedures for Enemy Combatants Detained at Guantanamo Bay
Naval Base, Cuba, Section D, paragraph 2, the FBI requests
redaction of the information herein marked[1].  The FBI makes
this request on the basis that said information relates to the
national security of the United States[2].  Inappropriate
dissemination of said information could damage the national
security of the United States and compromise ongoing FBI
investigations.

 CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
 DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

         The FBI certifies the aforementioned redaction
contains no information that would support a determination
that the detainee is not an enemy combatant.

         The following documents relative to ISN 040 have
been redacted by the FBI and provided to the OARDEC:

FD-302 dated 8/18/2002
FD-302 dated 6/05/2003 (ISN ████  interview)



---

    [1]Redactions are blackened out on the OARDEC provided FBI
document.

    [2]See Executive Order 12958

R-2
l of 2

Memorandum from [REDACTED] to Col. David Taylor
Re:  REQUEST FOR REDACTION, 10/21/2004


       If you need additional assistance, please contact
Asst. Gen. Counsel, [REDACTED] or Intelligence Analyst
[REDACTED] Intelligence [REDACTED]

2/2

**Memorandum**



| | | | |
|---|---|---|---|
| To | : | Department of Defense<br>Office of Administrative Review<br>for Detained Enemy Combatants<br>Capt. Charles Jamison, OIC, CSRT | Date: 11/08/2004 |
| From | : | FBI GTMO<br>Counterterrorism Division<br>Asst. Gen. Counsel ████████████ | |
| Subject | : | REQUEST FOR REDACTION OF<br>NATIONAL SECURITY INFORMATION | |

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN 040 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 04/01/02
FD-302 dated 09/01/02
FD-302 dated 09/19/02

---

[1]Redactions are blackened out on the OARDEC provided FBI document.

[2]See Executive Order 12958

1 of 2        R2

Memorandum from ████████ to Capt. Charles Jamison
Re:  REQUEST FOR REDACTION, 11/08/2004

       If you need additional assistance, please contact
Asst. Gen. Counsel ████████ ████████ or Intelligence Analyst (IA)
████ IA ████████████████████████████

2of2  R2

## Memorandum



---

To : Department of Defense                    Date 01/21/2005
     Office of Administrative Review
     for Detained Enemy Combatants
     Capt. Charles Jamison, OIC, CSRT

From : FBI GTMO
       Counterterrorism Division
       Asst. Gen. Counsel ███████

Subject: REQUEST FOR REDACTION OF
         NATIONAL SECURITY INFORMATION
         ████████████

          Pursuant to the Secretary of the Navy Order of 14
September 2004, Implementation of Administrative Review of the
Detention of Enemy Combatants at Guantanamo Bay Naval Base, Cuba,
Section 4, paragraph B, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

   CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
   DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

          The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

          The following documents relative to ISN 00040 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 06/05/2003

---

   [1]Redactions are blackened out on the OARDEC provided FBI
document.

   [2]See Executive Order 12958

Memorandum from ███████████ to Capt. Charles Jamison, OIC
Re:  REQUEST FOR REDACTION, 01/21/2005

      If you need additional assistance, please contact Asst.
Gen. Counsel ████████████████████ ██████████ Intelligence Analyst ████████

1 - ████████████████████
1 - ████████████████████
1 - ████████████████████
1 - ████████████████████
1 - ████████████████████
███cg

-2-

| | | | |
|---|---|---|---|
| To | : | Department of Defense | Date 01/25/2005 |
| | | Office of Administrative Review | |
| | | for Detained Enemy Combatants | |
| | | Capt. Charles Jamison, OIC, CSRT | |

From : FBI GTMO
Counterterrorism Division
Asst. Gen. Counsel ███████████

Subject REQUEST FOR REDACTION OF
NATIONAL SECURITY INFORMATION
███████████

Pursuant to the Secretary of the Navy Order of 14 September 2004, Implementation of Administrative Review of the Detention of Enemy Combatants at Guantanamo Bay Naval Base, Cuba, Section 4, paragraph B, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN 00040 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 02/19/2002

---

[1]Redactions are blackened out on the OARDEC provided FBI document.

[2]See Executive Order 12958

Memorandum from OIC to Captain Charles Jameson, OIC
Re:   REQUEST FOR REDACTION, 01/25/2005

       If you need additional assistance, please contact Asst
Gen. Counsel ███████████████████████████, or Intelligence Analyst ███████████████████████

1 - ██████████████████████████
1 - ██████████████████████████
1 - ██████████████████████████
1 - ██████████████████████████
1 - ██████████████████████████
████ cg

## Memorandum



---

To   :   Department of Defense          Date  11/09/2004
         Office of Administrative Review
         for Detained Enemy Combatants
         Capt. Charles Jamison, OIC, CSRT

From :   FBI GTMO
         Counterterrorism Division  ██████████
         Asst. Gen. Counsel ███████████████

Subject:  REQUEST FOR REDACTION OF
          NATIONAL SECURITY INFORMATION
          ████████████████

         Pursuant to the Secretary of the Navy Order of 29
July 2004, Implementation of Combatant Review Tribunal
Procedures for Enemy Combatants Detained at Guantanamo Bay
Naval Base, Cuba, Section D, paragraph 2, the FBI requests
redaction of the information herein marked[1].  The FBI makes
this request on the basis that said information relates to the
national security of the United States[2].  Inappropriate
dissemination of said information could damage the national
security of the United States and compromise ongoing FBI
investigations.

  CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
  DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

         The FBI certifies the aforementioned redaction
contains no information that would support a determination
that the detainee is not an enemy combatant.

         The following documents relative to ISN 040 have
been redacted by the FBI and provided to the OARDEC:

FD-302 dated 02/19/02 (ISN ████ interview)

---

     [1]Redactions are blackened out on the OARDEC provided FBI
document.

     [2]See Executive Order 12958

Memorandum from ████████████ to Capt. Charles Jamison
Re:  REQUEST FOR REDACTION, 11/09/2004


          If you need additional assistance, please contact
Asst. Gen. Counsel ███████████████ ,
                              or Intelligence Analyst
     IA

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on __19__ November 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #040.

███ I have no comments.

____ My comments are attached.

████████████

Name

████████████

Signature

_19 Nov 04_

Date

ISN #040
Enclosure (4)

UNCLASSIFIED//~~FOUO~~