THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| ABDU AL-QADER HUSSAIN AL-MUDAFARI, et al., | : |
| *Petitioners*, | : |
| v. | :     Civil Action No. 05-cv-2185 (JR) |
| GEORGE W. BUSH, President of the United States *et al.*, | : |
| *Respondents*. | : |

---

| | |
|---|---|
| IDRAHIM OSMAN IBRAHIM IDRIS, | : |
| *Petitioner*, | : |
| v. | :     Civil Action No. 05-cv-1555 (JR) |
| GEORGE W. BUSH, President of the United States *et al.*, | :     05-cv-1725 (JR) (consolidated) |
| *Respondents*. | : |

---

**PETITIONERS' MEMORANDUM IN FURTHER SUPPORT
OF THEIR MOTIONS FOR PRESERVATION ORDERS**

Petitioner Abdu Al-Qader Hussain Al-Mudafari and Petitioner Idrahim Osman Ibrahim Idris (collectively "Petitioners") respectfully submit this memorandum in further support of their Motions For Orders Requiring Respondents To Preserve All Material, Documents and Information Related to Petitioners. Discovery has been postponed indefinitely due to the stays in effect in these actions, and Respondents have complete control over all material related to Petitioners' habeas claims. Absent a preservation order, Respondents may have no obligation to preserve that material. The proposed preservation order would not be unduly burdensome; it

22110947v2

imposes obligations on Respondents no greater than those on any other civil litigant and would ensure that, if and when appropriate, Petitioners will have the opportunity to fully present their habeas claims to the Court for consideration.

I.  **THE PROPER STANDARD IS WHETHER THE PRESERVATION ORDER IS NECESSARY AND NOT UNDULY BURDENSOME**

A document preservation order should be issued if it is both "necessary and not unduly burdensome." *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (Fed. Cl. 2004). Applying this standard, other courts in this district have granted similar motions to ensure that evidence related to detainees at the United States Naval Base at Guantanamo Bay ("Guantanamo") is not destroyed. *See El-Banna v. Bush*, 04-cv-1144 (RWR), 2005 WL 1903561, (D.D.C. July 18, 2005); *Al Marri v. Bush*, 04-cv-2035 (GK), 2005 U.S. Dist. LEXIS 17195 (D.D.C. Mar. 7, 2005). Courts may issue preservation orders as part of their efforts to manage their cases, *Pueblo of Laguna*, 60 Fed. Cl. 133, 138 n. 8, and, particularly in habeas proceedings, to ensure "that miscarriages of justices . . . are surfaced and corrected." *Harris v. Nelson,* 394 U.S. 286, 291 (1969).

Due to the context in which it is issued, "a document preservation order is no more an injunction than an order requiring a party to identify witnesses or to produce documents in discovery . . . While such pretrial and discovery orders take the basic form of an injunction . . . the decisional law suggests that, in issuing them, courts need not observe the rigors of the four-factor analysis ordinarily employed in issuing injunctions." *Pueblo of Laguna*, 60 Fed. Cl. 133, 138 n. 8. Both prongs of the proper standard are met here: a preservation order is necessary because Petitioners may be irreparably harmed without one and the order will not unduly burden Respondents.

### A. Document Preservation Orders Are Necessary To Ensure That Petitioners Can Fully Present Their Habeas Claims To The Court.

Unlike most civil litigation, the right to discovery and the related obligation to preserve evidence do not attach automatically in habeas actions. Absent an order by the Court, Respondents may have no obligation to preserve material relevant to Petitioners' habeas claims, and Respondents apparently believe that they have no such obligation.

In consultations before these motions were filed, Respondents declined to consent to the requested relief. In their memorandum in opposition to the motions, Respondents claim that they are "well aware of their obligation not to destroy evidence," but have neither explained the parameters of that obligation nor committed to preserving any documents. Resp. Mem. at 5. Instead, Respondents argue that the proposed order goes beyond "what might otherwise be permissible with respect to any discovery that might ever be appropriate in a habeas case" but never explain what type of preservation order would be permissible. Resp. Mem. at 7.

Similarly, Respondents invoke ongoing investigations of detainee mistreatment as support for their position that a preservation order is unnecessary. Resp. Mem. at 4-5. However, they do not (a) claim that any material related to Petitioners has been preserved in connection with those investigations; (b) detail any document preservation efforts associated with those investigations; or (c) commit to continue to preserve documents after those investigations are complete.

A heavily redacted FBI document suggests that some deliberate spoliation of evidence related to detainee treatment has occurred. *See* Exhibit A to Petitioner's Motion. But intentional destruction of evidence is not the only potential source of irreparable harm to Petitioners. Without a preservation order, relevant material may be destroyed inadvertently or as part of standard record keeping practices. Regardless of whether the spoliation is intentional, the effect on Petitioners would be the same.

22110947v2

    **1. Enactment Of The Detainee Treatment Act
of 2005 Increases The Need For The Preservation Orders.**

At the time Petitioners filed these motions, the stays in these cases postponed discovery indefinitely. In the interim, the Detainee Treatment Act of 2005 was enacted, and Respondents have notified the Court that they intend to seek dismissal of these actions based on their interpretation of that law. Resolution of those motions to dismiss, which have not yet been filed, will further delay discovery and increase the potential for spoliation of evidence. The requested preservation orders are now more necessary than when the Petitioners brought these motions.

  **B. The Preservation Orders Would Not Be
Unduly Burdensome On Respondents**

The proposed orders are not unduly burdensome and impose obligations on Respondents similar to those imposed on any civil litigant. Furthermore, Respondents are already obligated to preserve all documents related to detainee treatment. *Al-Marri v. Bush*, 04-CV-2035, 2005 U.S. Dist. LEXIS 17195, *2 (D.D.C. Mar. 7, 2005); *Abdah*, 04-CV-1254, 2005 U.S. Dist. LEXIS 17189 at *5; *see also El-Banna,* 2005 WL 1903561 at *2-3. The requested orders would only require Respondents to preserve additional documents related to these two petitioners.

Respondents offer no support for their claim that preserving such material would be burdensome. Respondents do not disclose the volume of documents, the number of custodians, the format of the material, or any other standard indicia of burden. Resp. Mem. at 7. Instead, Respondents object because they do not have the "opportunity to utilize the process of objection and litigation available in the litigation context." Resp. Mem. at 7. Respondents have apparently confused document preservation with document discovery. As in any civil proceeding, the obligation to preserve evidence precedes the discovery process. The requested orders will not impinge on Respondents' ability to object to discovery requests and present arguments about

22110947v2

how discovery should be limited. It will only ensure that when the litigation reaches the discovery stage, the evidence still exists to be produced.

     Courts have wide latitude in habeas actions to use "initiative and flexibility" to create discovery procedures appropriate for each specific action. *Harris v. Nelson,* 394 U.S. at 291. As set forth in this memorandum and the statements of points and authorities accompanying Petitioners' motions, the specific circumstances of these habeas actions warrant the issuance of preservation orders. Petitioners respectfully request that the Court issue orders requiring Respondents to preserve all material, documents and information related to Petitioners.

Dated: January 19, 2006

Respectfully submitted,

Counsel for Petitioners

/s/    John B. Missing
John B. Missing (Bar No. 425469)
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Washington, D.C. 20004-1169
Tel: (202) 383-8000
Fax: (202) 383-8118

Jeffrey I. Lang (*pro hac vice*)
Jennifer R. Cowan (*pro hac vice pending*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

*Of Counsel*
Barbara Olshansky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

22110947v2