# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDU AL QADER HUSSAIN AL-MUDAFARI,<br><br>SALIEH HUSSAIN ALI AL-MUDAFARI,<br>   As Next Friend of Abdu Al-Qader Hussain<br>   Al-Mudafari,<br><br>   Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al*.,<br><br>   Respondents. | Case No. 1:05-cv-02185 (JR)<br><br><br><br><br><br>**PETITIONERS' UNOPPOSED MOTION TO VACATE DISMISSAL AND MOTION TO SET A SCHEDULING CONFERENCE** |

For the reasons set forth in Petitioners' Statement of Points and Authorities in Support of Petitioners' Unopposed Motion to Vacate Dismissal and Motion to Set a Scheduling Conference, Petitioner Abdu Al-Quader Hussain Al-Mudafari, by and through his next friend Salieh Hussain Ali Al-Mudafari, respectfully requests that the Court vacate dismissal and promptly schedule a status conference to calendar the matter for expedited determination on the merits.

Pursuant to Local Rule 7(m), Counsel for Petitioners and Respondents have conferred (by electronic mail), and Respondents consent to Petitioners' motion to vacate the dismissal but does not consent to the motion for a scheduling conference.

**WHEREFORE**, Petitioners respectfully requests that the Court vacate dismissal and promptly schedule a status conference to calendar the matter for expedited determination on the merits.  A proposed order is attached.

Dated July 2, 2008                                                                 Respectfully Submitted,


Shayana Kadidal (Bar No. 454248)                      /s/ Jennifer R. Cowan
CENTER FOR CONSTITUTIONAL                         Jennifer R. Cowan
RIGHTS                                                                        DEBEVOISE & PLIMPTON LLP
666 Broadway, 7th Floor                                           919 Third Avenue
New York, New York 10012                                     New York, New York 10022
Tel: (212) 614-6438                                                    Telephone:  (212) 909-6000
Fax:  (212) 614-6499                                                  Facsimile:  (212) 909-6836

                                                                                      John B. Missing (Bar No. 425469)
                                                                                      DEBEVOISE & PLIMPTON LLP
                                                                                      555 13th Street, N.W.
                                                                                      Washington, D.C. 20004-1169
                                                                                      Telephone:  (202) 383-8000
                                                                                      Fax: (202) 383-8118

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Boumediene v. Bush*, 127 S. Ct. 3078 (June 29, 2007) (No. 06-1195) ...............................3

*Boumediene v. Bush*, 127 S. Ct. 1478 (Apr. 2, 2007) .........................................................3

*Boumediene v. Bush*, 128 S. Ct. 2229 (2008) .............................................................3, 4, 6

*Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007), *rev'd*, 128 S. Ct. 2229 (2008) ...................................1, 2, 3, 6

*Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973) (emphasis added).......................4

*Cross v. Harris*, 418 F.2d 1095 (D.C. Cir. 1969) ................................................................5

*Gonzalez v. Crosby*, 545 U.S. 524 (2005)............................................................................4

*Idris v. Gates*, (07-1199)(D.C. Cir. Jun. 12, 2007) ..............................................................6

*INS v. St. Cyr*, 533 U.S. 289 (2001).....................................................................................5

*Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990) ............................................................5

*Jones v. Shell*, 572 F.2d 1278 (8th Cir. 1978).....................................................................5

*Rasul v. Bush*, 542 U.S. 466 (2004).....................................................................................5

*Ruby v. United States*, 341 F.2d 585 (9th Cir. 1965) ..........................................................4

*Van Buskirk v. Wilkinson*, 216 F.2d 735 (9th Cir. 1954) ....................................................5

## **FEDERAL STATUTES**

Fed. R. Civ. P. 60(b)(5).........................................................................................................4

28 U.S.C. §§ 2241............................................................................................................3, 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDU AL QADER HUSSAIN AL-MUDAFARI,<br><br>   Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>   Respondents. | Case No. 1:05-cv-02185 (JR)<br><br><br>**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' UNOPPOSED MOTION TO VACATE DISMISSAL AND MOTION TO SET A STATUS CONFERENCE** |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' UNOPPOSED MOTION TO VACATE DISMISSAL AND MOTION TO SET A STATUS CONFERENCE**

Petitioners have today moved for an order vacating dismissal of the above-captioned case, and scheduling an immediate status conference to set in place a calendar for proceeding on the merits of this habeas corpus petition ("Motion"). As grounds for this relief, Petitioners say:

**Introduction**

**Introduction**

After having been stayed for *sixteen months* pending the disposition of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007), *rev'd*, 128 S. Ct. 2229 (2008), this case was dismissed for lack of subject

1

matter jurisdiction on April 5, 2007, on the authority of the decision of the Court of Appeals for the District of Columbia in *Boumediene*. *See Boumediene v. Bush,* 476 F.3d 981 (D.C. Cir. 2007). The Supreme Court subsequently granted *certiorari* in *Boumediene,* and on June 12, 2008, the Supreme Court issued a decision in that case and held that Guantanamo detainees have the right to bring habeas claims in federal court.

### Procedural History

Petitioner Abdu Al-Qader Hussain Al-Mudafari (hereinafter "Petitioner") is a prisoner at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). He has been imprisoned at Guantánamo since late 2001 or early 2002. Petitioner has been unlawfully designated as an enemy combatant. He does not fall within any lawful basis for military detention.

In light of the astonishing length of his imprisonment, Petitioner urgently requests that the Court immediately vacate dismissal and schedule a status conference to set in place expedited consideration of the merits of his claims for release.

On November 7, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. Respondents quickly moved to stay the proceeding, and on December 2, 2005, this Court entered a stay. On January 30, 2006, Respondents appealed the Court's stay order.

On April 5, 2007, this case was dismissed, *sua sponte*, for lack of subject matter jurisdiction. *See* Order, April 5, 2007 [Docket No. 53]. In dismissing the case, this Court relied exclusively on the Circuit Court's decision in *Boumediene v. Bush*, 476 F.3d 981

2

(D.C. Cir. 2007). On June 29, 2007, however, the Supreme Court reversed itself and granted *certiorari* in *Boumediene*. 127 S. Ct. 3078 (June 29, 2007) (No. 06-1195).

On June 12, the Supreme Court issued a decision in *Boumediene* and struck down those portions of section 7 of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e), which purported to deprive this Court of jurisdiction over this habeas corpus petitions. *Boumediene v. Bush*, 128 S. Ct. 2229, 2274 (2008). As the majority observed, "[t]he detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.* at 2275.

**Argument**

I.  **Petitioners' Case Must Be Reinstated**

Dismissal of this case was based on the Court of Appeals' construction of the jurisdiction-stripping provision of section 7 of the MCA in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). *Id.* This case must be reinstated because the Supreme Court has since struck down those provisions of section 7 of the MCA as an unconstitutional suspension of the writ of habeas corpus. *Boumediene*, 128 S. Ct. at 2274.

Rule 60(b)(5) of the Federal Rules of Civil Procedure provides for relief from a final order where, as here, "it is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). The Supreme Court has made clear that Rule 60(b) can operate to reopen habeas proceedings, *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

3

Petitioners' case is ripe for immediate Rule 60(b)(5) relief. The dismissal of this action should be vacated and this action immediately reinstated and a status conference scheduled.

## II. Petitioners Are Entitled to a Prompt Hearing On The Merits of The Claims

Justice necessitates that Petitioners' claims be promptly addressed. The Supreme Court has recognized that "the costs of delay can no longer be borne by those who are held in custody." *Boumediene*, 128 S. Ct. at 2275.

The statutory provisions for prompt returns, immediate hearings, and summary disposition of habeas corpus cases expressly require that petitions be heard and decided promptly. 28 U.S.C. §§ 2241, 2243 (2000) ("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as law and justice require.") (emphasis added). Courts, including the majority in *Boumediene*, 128 S. Ct. at 2266-67, have similarly recognized the need for speedy resolution of habeas corpus cases. *See*, *e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a *swift* and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted) (emphasis added); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives *prompt* action from him within the four corners of the application. . . . One who seeks to invoke the extraordinary, summary and *emergency* remedy of habeas corpus must be content to have his petition or

4

application treated as just that") (emphasis added); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a *speedy* remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.") (emphasis added).

The need for a prompt hearing is never greater than where a petitioner has been afforded no judicial review. *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr,* 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a habeas petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay*.") (emphasis added).

Petitioner has been afforded no judicial review of the merits of his claims or the lawfulness of his detention.[1]

---

[1] Petitioner has filed a petition for review in his Court of Appeals case under the Detainee Treatment Act in *Idris v. Gates,* (07-1199) (D.C. Cir. Jun. 12, 2007). *Boumediene* makes clear that DTA relief is separate and distinct statutory relief and does not preclude habeas relief. *Boumediene*, 128 S. Ct. at 2275 ("petitioners in these cases need not exhaust the review procedures in the Court of Appeals before proceeding with their habeas actions in the District Court.").

### III. The Need for Relief is Urgent

Petitioner is now in his seventh year of imprisonment. The instant case was dismissed on the basis of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). As that case has been reversed, and the Supreme Court has held that "Petitioners have the constitutional privilege of habeas corpus," the Court should promptly reinstate this action and allow Petitioners' habeas corpus claims to proceed expeditiously to the merits.

### Conclusion

For the forgoing reasons, Petitioners respectfully request that the dismissal of this action immediately be vacated and a status conference scheduled and Petitioners be granted such other and further relief as may be just and proper.

Dated: July 2, 2008

Shayana Kadidal (Bar No. 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499

/s/ Jennifer R. Cowan
Jennifer R. Cowan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

John B. Missing (Bar No. 425469)
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Washington, D.C. 20004-1169
Telephone: (202) 383-8000
Fax: (202) 383-8118